

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0674 / 0675 / 0676-11

**RIO SHAREESE JONES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS GALVESTON COUNTY

**PRICE, J., filed a concurring opinion in which WOMACK, J., joined.**

### CONCURRING OPINION

In his search warrant affidavit, Officer Bjerke represented that he had "recently received information" from a confidential informant that crack cocaine was "being sold" from the premises at 219 North Pine Road. At some undisclosed point in time "[a]fter" he "recently received" that information, he learned that another officer from a nearby jurisdiction also "had information" from a confidential informant—apparently a second, different confidential informant—to the same effect. Based on this combined information,

Bjerke initiated a controlled buy at 219 North Pine Road and obtained a substance from that address that field tested positive for cocaine. Although the warrant affidavit does not expressly say so, a neutral and detached magistrate could readily infer from these circumstances that the controlled buy occurred "[a]fter" the point in time at which Bjerke "recently received" information from his own confidential informant. From all of this the magistrate could reasonably conclude that information "recently" imparted by at least two confidential informants,[1] to the effect that crack cocaine was "being sold" from 219 North Pine Road, was even *more* recently corroborated by a controlled buy of a substance that in fact proved to be cocaine. That is at least *marginally* enough, in my estimation, to justify the magistrate's issuance of the search warrant.[2] When two confidential informants have attested to the fact that crack cocaine is "being sold" from an enumerated address, and a "recent" controlled buy at that address confirms it, a neutral and detached magistrate may reasonably determine that there is probable cause to believe crack cocaine is indeed "being sold"—and will therefore presently be found—there.

That said, however, it is troubling that a reviewing court should have to parse the

---

[1] Bjerke's warrant affidavit alludes to what is apparently *other* "information provided to [him] by . . . other confidential informants," without ever specifying the nature of that information or when he learned of it.

[2] *See United States v. Ventresca*, 380 U.S. 102, 109 (1965) ("Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.").

language of a search warrant affidavit as meticulously as the Court is compelled to do today before it can conclude that a magistrate's finding of probable cause has a substantial basis in fact. All that Bjerke would have had to add to his search warrant affidavit to make probable cause manifest, after all, was the exact date upon which the controlled buy occurred (assuming that it indeed occurred tolerably "recently"). Absent that concrete date, a neutral and detached magistrate might just as readily have found that the warrant affidavit in this case lacked sufficient temporal specificity to provide probable cause to believe that crack cocaine would *presently* be found at 219 North Pine Road. That is not to say that the Court today does not rightly defer to the magistrate's determination—it does.[3] But that deference to the magistrate is not a one-way street, and it would have been equally appropriate for us to defer to any determination the magistrate might have made that probable cause to believe crack cocaine was presently at that address was lacking.[4] Whether out of carelessness, laziness, a tenuous grasp of the governing law, or perhaps even a deliberate coyness,[5] Bjerke

---

[3]

See *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984) ("A deferential [rather than a de novo] standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.").

[4]

See *Davis v. State*, 202 S.W.3d 149, 157 (Tex. Crim. App. 2006) ("We are compelled to remark . . . that the affidavit in this case was far from exemplary. Indeed, we would just as readily conclude that it was within the magistrate's discretion to *deny* this search warrant, had he originally done so. A magistrate should not have to resort so much to inferences and 'common sense' conclusions that skirt the boundaries of what constitutes a substantial basis, as they do here.").

[5]

At oral argument there was some speculation that the exact date of the controlled buy may have been deliberately withheld from the search warrant affidavit in order to protect the identity of the

failed to supply the kind of temporal precision we usually expect to find in a search warrant affidavit. A police affiant who is unable to persuade a neutral and detached magistrate of probable cause in the wake of such imprecision should not hope to rely on the imagination of subsequent reviewing courts to bail him out.

FILED:      March 28, 2012
PUBLISH

---

second confidential informant.